Hitchcock, J.
The facts stated in this case show that Risk, the defendant, held a note secured by mortgage, against Huddart, for thirteen hundred dollars. That he commenced suit upon this note, and recovered a judgment. That he took out execution upon this judgment, and caused the same to be levied upon the mortgaged premises, which were sold' to the lessee of the plaintiff; Risk at the time of the levy and sale being in possession of those premises. The question arising upon these facts, is, as to the nature of the title acquired by the purchaser. It is claimed by counsel for defendant, that *106 inasmuch as the money prodúcéd.by.the said was not sufficient to satisfy the entire debt secured by the mortgage, that the lien '.the'’mortgage.still' co'ntmued,-'for; the satisfaction of the residue'of the. debt.- .It. is admitted by'.the opposite counsel, that had this; sale been made, on an.execution in favor of a judgment creditor,- who was not "a" party to the -mortgage, and upon a .judgment-junior thereto,' that .the. purchaser would only have acquired' the equity of redemption! But it is insisted.,' that'as .the judgment was .upon the -identical -note secured by the mortgage, and the execution - levied upon the mortgaged premises, the mortgagee being in-possession;, that the purchaser acquired an indefeasible-title,to’the'premises.- ' ' ■
To support the position assumed by -.the defendant’s counsel, the case of Lessee of Ireland v. Hull, 10 Johns; Rep. 481, is cited. In this case the Supreme Court óf New Y.o.rk decree, that where a creditor, secured by mortgage, brought ■his. aetion for .the debt, so .secured,- recovered judgment and issued execution, which was levied on the' mortgaged premises, and the premises sold, that-the purchaser acquired nothing but the equity of redemption ; the purchaser ;at- the time of purchase having notice of -the mortgage, and that'it was unpaid; It; must be remembered thatj-in-thq State of New. York,.- lands., like,personal chattels,.aré sold without- appraisement; and in the case cited; property.mortgaged to secure- $700, -was sold' for $70. The Court refer to this fact and say, -that it is. manifest that this mode adopted by the creditor in the pursuit of his remedy, did noj work any injury-to the purchaser.'' ...
• In-this. State, however,- -lands' can not- be sold without appraisal,-and. for no less-stim-than two-thirds the appraised value; and this Court have.decided.that .they must; if sold at Jaw, be sold as if unincumbered. Baird v. Kirtland, et. al. 8 Ohio Rep. 21; In Ohio; then, a -purchaser at sheriff ’s, sale' could not acquire even the equity of redemption of mortgaged premise's, 'without, paying the full value, of the land. And it would seem that, when the mortgagee himself, by .his own action, as in the present case, causes the mortgaged premises to be sold, *107 it would be the height of injustice to permit him to pocket the money made by such sale, and still hold on to the premises until he could extort from the purchaser a further sum to relieve the land from his own mortgage. Courts may sometimes be compelled, by some rigid rule of law, to do injustice, but we are not aware that any rule exists which will compel us to do manifest injustice in this case. In truth, should a judgment creditor direct an execution to be levied upon his own land, and should the land be sold in pursuance of such levy, we apprehend the purchaser must be protected. The creditor would be estopped from asserting any claim to the land.
It is further objected by defendant’s counsel, that the sheriff’s deed is defective, inasmuch as it is not properly attested; and it is said the attestation is, “ Sealed and delivered in presence of” the subscribing witnesses; whereas it should have been, “Signed, sealed and delivered.” True, the words of the statute are, that the witnesses shall attest the “ signing and sealing but, really, to require the strictness insisted upon by the defendant’s counsel, would be going a great length; it would be taking one step more towards that point to which we seem to be progressing with railroad speed — the point, of declaring all the land-titles in the State doubtful, defective, or uncertain.
The same technical nicety is not required in the execution and acknowledgment of deeds as in special pleadings. If deeds are executed and acknowledged, substantially, in accordance with the statute, it is all that can be required. The signing and sealing of deeds is usually done at one and,the same time, unless, perchance, the scrivener who writes them shall have attached the seal at the time of writing, and previous to the signature. In such case the sealing is adopted by the signature of him who executes the instrument. It is not customary for a man to sign on one day, and on another to make his scrawl, or attach a wafer. There is not, I presume to say, one case in a thousand in which the same person who witnesses the sealing, does not witness the signature also. And after all, it is the delivery which gives effect to the instrument.
*108 The Court are of opinion that had the attestation been such as defendant’s counsel suppose it to have been, it would have been sufficient. But upon examination of the deed, we find that the attestation is in the proper, the most approved form. It is as follows: “ Signed, sealed and delivered in presence of;” and is subscribed by two witnesses. It is true, that the deed from Bisk to Huddart is merely, “ Sealed and delivered,” and, according to the theory of defendant’s counsel, no title ever vested in Huddart. And if so, Bisk stands in the situation of a man who has caused his own land to be sold on an execution in his own favor, to satisfy his own debt, and would be estopped from setting up hié title against the purchaser. We have no doubt, however, that thé deed was sufficient, and conveyed a good title to Huddart.
A new trial is ordered, the costs to abide the event of the suit.